MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

THERYN G. GIBBONS (NYBN 4612867)
Trial Attorney, United States Department of Justice, Gang Unit

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-6758/7301
  Facsimile: (415) 436-6753
  E-Mail: wilson.leung@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>IVAN CERNA, et al.,<br><br>  Defendants. | No. CR 08-730 WHA<br><br>**GOVERNMENT'S STATEMENT REGARDING MENTAL EVALUATIONS**<br><br>Date: TBD<br>Court: Hon. William Alsup<br>Time: TBD |

   The government met with counsel for defendant Cruz-Ramirez as ordered by the Court. The following is the government's statement regarding the agreements and disagreements from that meeting. If government counsel misstates the position taken by defense counsel, he is sure that defense counsel will point that out to the Court, but this was government counsel's best recitation

GOVERNMENT'S STATEMENT
[CR 08-730 WHA]                                  1

of the discussion that took place. Government counsel would have submitted this for review by defense counsel, but he is already late in filing this document due to an ongoing unrelated trial.

1. Use if no mental expert is presented in the defendants' case. The parties agree on this point. Defendant Cruz-Ramirez objected to the use of statements from the mental evaluations unless the defendant introduces his mental condition through an expert first. That is provided for by Rule 12.2, however, and the government always anticipated that any such statements would not be usable until after defendant introduces his own mental condition expert. The parties therefore agree, and any use of the defendants' statements from the government evaluations will be conditioned on the defendants introducing an expert on mental condition during the defense case.

2. Scope of the examination. The parties disagree on this point. Defendant Cruz-Ramirez concedes that the government evaluation can gauge defendant's mental condition related to the RICO conspiracy, his gang membership, and his connections with other members, as well as some overt acts of the conspiracy. Defendant claims, however, that he will not raise mental condition as a defense to the two specific homicides that are charged against him, and would therefore object to any questioning of the defendant regarding the defendant's state of mind in the two homicides. The government does not concede that the two homicides should be off limits as they occurred during the scope of the conspiracy and because they would shed great light on the defendant's overall mental condition during that conspiracy. It is also far too convenient to believe that the defendant had a mental condition that rendered him incapable of the intent to join a conspiracy, but not probe his willingness and intent to kill for that conspiracy in testing that mental condition. Therefore, Cruz-Ramirez objects to any questions specific to the two homicides, and the government seeks to have the evaluation include questions regarding the defendant's mental condition during the homicides. Defendant also seeks a statement from the examiner prior to the examination regarding the scope and the tests to be used during the examination. The government agrees that the general scope of the examination can be shared – after all, it will be what the Court orders is proper – but disagrees that the defendant should have

GOVERNMENT'S STATEMENT
[CR 08-730 WHA]                                    2

prior notice of any tests that may be conducted. Such notice could impair the effectiveness of the testing and aid any defendants in malingering.

3. Defense counsel's presence during the examination. The parties agree on this point. The parties agree that defense counsel may not be present in the room during the examination. The parties also agree that defense counsel can be present in a nearby location during the examination and that the defendants may request reasonable time to consult with counsel during the examination if they feel such consultation is necessary.

4. Review of the examination. The parties agree on this point. The parties agree that the examinations shall be recorded. The parties agree that the recorded examinations shall be made available to the parties as soon as possible after the examinations. The parties agree that any disputed objections to portions of the examinations shall be raised with the Court within a short period of time. The government recommends 7 days, but did not raise a specific period of time with defense counsel. The parties agree that no "taint team" is necessary for the review of the examinations on the part of the government. The parties agree that any portions of the examination that are determined by the Court to be improper will not be relied upon by the government examiner in the final report and opinion, and that the government shall not seek to introduce any such portions in rebuttal if the defendants proceed with introducing an expert on mental condition.

DATED: January 27, 2011

MELINDA HAAG
United States Attorney

By: /s/
W.S. WILSON LEUNG
WILLIAM FRENTZEN
Assistant United States Attorneys
THERYN G. GIBBONS
Trial Attorney, U.S. Department of Justice