MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
WIL FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6758/7301
    Facsimile: (415) 436-6753
    E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. S3-CR-08-0730-WHA |
|---|---|---|
| v. | ) ) ) | GOVERNMENT'S RESPONSE TO COURT'S ORDER REGARDING DALY CITY REPORT (DOCKET #4205) |
| IVAN CERNA, et al, | ) ) ) | |
| Defendants. | ) | |

    The Government respectfully submits this Response to the Court's Order for information regarding the Daly City offense report relating to the April 16, 2004 murder of Francisco Garcia produced by the Government on May 10, 2011. The Government also submits this Response to correct some facts it presented to the Court.

    With respect to the Court's questions:

    1.    The Government is aware of no ICE agents who participated in the interview of Jaime Martinez on October 25, 2005. The Daly City report itself indicates that, although Martinez was in immigration custody, San Francisco Police Officer Mario Molina arranged the interview. The report also does not list any ICE agents as being present.

**2.** The Government is not aware of any notes or summary either made or received by any ICE agents or any federal prosecutor of the interview referenced above beyond what the Government produced on May 10, 2011, which it received on May 9, 2011.

**3.** The Government has asked Sergeant Mario Molina whether he made or received notes or a summary of the subject interview and Sergeant Molina replied he did not.

**4.** "Catracho" referenced on page 2 of the Daly City report is *not* the same person known as 1211. As Jaime Martinez testified, this "Catracho" was different from 1211. See Trial Tr. at 5793 (Martinez testifying that Moris Flores stated he committed shooting with "Memo" and "Catracho – this Catracho is a different one from Little Bad Boy.").

The Government would also like to correct two factual assertions it provided to the Court. First, the Government advised the Court that a shooting listed on its Bill of Particulars — i.e., a shooting in or about June 2004 in the vicinity of Mission and John Daly Boulevard — was a different event than the Francisco Garcia murder referenced above and is believed to be the subject of Jaime Martinez's testimony. Although Martinez's testimony is incorrect with respect to the location and date of the murder (the murder occurred in the vicinity of Hanover and Templeton Streets in Daly City on April 16, 2004, while Martinez testified that the murder happened in March 2004 at the intersection of Mission and San Jose Avenue (roughly 7-8 blocks away from Hanover and Templeton), see Trial Tr. at 5793), upon further reflection, the Government now believes that Martinez was referring to the Francisco Garcia murder.

Second, the Government erred when it stated that it had not provided notice of this shooting to the defense previously. In fact, Report of Investigation #576 (July 1, 2009), bearing control numbers "1218-00001" to "1218-000013," and provided to the defense on or about December 22, 2010, contains a substantially similar account of Martinez's testimony relating to the Daly City shooting described above. Specifically, page 1218-000008 contains the following:

> 1218 stated that one night while 20th Street MS members MEMO, SLOW and CATRACHO were out hunting for Norteno gang members, they were stopped at a stop light and noticed some Norteno gang members pull up beside them. While stopped at the light, SLOW, who was sitting in the back of the gold Pontiac that CATRACHO was driving, began to shoot in the direction of the Norteno gang

members. The Norteno gang members then drove away and ended up hitting a pole. 1218 stated that this incident occurred on top of the hill at Mission Street and John Daly Boulevard in Daly City, CA and at approximately 2:00 AM - 3:00 AM.

The Government initially failed to recognize that the incident described in ROI 576 was the same incident about which Martinez testified because the date and the street names he used differed. Martinez's description of the incident, however, remains substantially similiar.

Thus, Mr. Rosenbush's claim that the Government "deceived" the Court and counsel, Trial Tr. at 5892, is utterly baseless. The Government has fully complied with its discovery and disclosure obligations. Here, the Government produced ROI 576 in December 2010, and, when it later (erroneously) believed that a further disclosure was necessary, it sent a letter summarizing Martinez's testimony on May 5, 2011, even though no such letter was required under the law. See, e .g., United States v. Bernard, 625 F.2d 854, 859 (9th Cir. 1980) ("Descriptions of interviews with witnesses that are not 'substantially verbatim' are not discoverable under the Jencks Act. We cannot read into this requirement a further requirement that the government create such discoverable statements in the first instance. Nor can we find a constitutional basis for compelling the creation of such material under Brady.").

Indeed, Mr. Rosenbush's allegation of Government deception is even more galling in light of the fact that he *used* ROI 576 during his cross-examination of Martinez on May 10, 2011. See Trial Tr at 5811-12 (showing witness July 1, 2009 report to refresh witness recollection). For Mr. Rosenbush to claim deceit by the Government is simply ridiculous.

Dated: May 13, 2011

                          Respectfully submitted

                          MELINDA HAAG
                          United States Attorney

By:    /s/
        W.S. Wilson Leung
        Wil Frentzen
        Assistant United States Attorneys