MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
WIL FRENTZEN (LABN 24421)
Assistant United States Attorneys

THERYN G. GIBBONS (NYBN 4612867)
Trial Attorney, United States Department of Justice, Gang Unit

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone: (415) 436-6758
  Facsimile: (415) 436-6753
  E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. S3-CR-08-730-WHA |
| v. | GOVERNMENT'S MEMORANDUM OF LAW REGARDING DEFENDANTS' MOST RECENT VAGUE DISCOVERY CLAIM |
| IVAN CERNA, et al., | |
| Defendants. | |

The Government respectfully submits this Memorandum to address the defendants' most recent wave of unfounded protestations regarding discovery. Over roughly the past week, during the testimony of Jaime Martinez, the defendants have argued that the Government somehow violated their rights by providing them, during trial, with summaries of Martinez's anticipated testimony. This claim, however, is based on the fanciful notion that the defendants have some sort of right to *all* the details of a witness's testimony prior to trial. There is no such right, of

course, and the defendants' most recent complaint should be rejected as utterly frivolous.[1]

I.  **Applicable Law**

"There is no general constitutional right to discovery in a criminal case, and Brady did not create one." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). "[T]he Due Process clause has little to say regarding the amount of discovery which the parties must be afforded." Wardius v. Oregon, 412 U.S. 470, 474 (1973). Rather, Fed. R. Crim. P. 16(a) provides principal guidance for discovery in criminal cases. See United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) ("Brady does not create any pre-trial discovery privileges not contained in the Federal Rules of Criminal Procedure."), cited in United States v. Abonce-Barrera, 257 F.3d 959, 970 (9th Cir. 2001); see also United States v. Jones, 612 F.2d 453, 455 (9th Cir. 1979) ("When the defense seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standards control."), quoted in United States v. Alvarez, 358 F.3d 1194, 1211 (9th Cir. 2004).

Rule 16, in turn, specifically enumerates exactly what items are subject to pre-trial discovery. See Fed. R. Crim. P. 16(a). Witness statements are specifically prohibited from pre-trial discovery. Rather, the production of witness statements is governed by the Jencks Act. See 18 U.S.C. § 3500 (Jencks Act); Fed. R. Crim. P. 16(a)(2); Fed. R. Crim. P. 26.2(a).

On appellate review, a district court's decisions regarding discovery is only reviewable for abuse of discretion. See, e.g., Alvarez, 358 F.3d at 1210 ("We review discovery questions, including alleged Brady and Jencks Act rulings, for abuse of discretion.").

II.  **Discussion**

Here, the crux of the defendants' present complaint is that the Government somehow wronged them by providing them with summaries of Jaime Martinez's anticipated testimony during trial instead of at some prior point in time. This complaint is ridiculous.

---

[1] The Government is responding as if *all* the defendants are making this claim, even though the only defendants who were specifically mentioned in the disputed testimony were Moris Flores, Marvin Carcamo, Jonathan Cruz-Ramirez, and Angel Guevara (and even these four defendants were mentioned to varying degrees). However, counsel for Guillermo Herrera — for whatever quixotic reason — has taken up the flag on this issue, even though by his own admission, the issue is not ripe for him. As such, the Government will simply respond generally to all the defendants.

The Government is aware of no rule or law that requires it to summarize a witness's anticipated testimony and provide it to the defense as pre-trial discovery. Indeed, the case law that the Government has found holds to the contrary.

In United States v. Bernard, 625 F.2d 854, 859 (9th Cir. 1980), the Ninth Circuit was confronted with a law enforcement agent who admitted that he intentionally failed to "reduce to writing" a witness's statement in order to avoid the risk of creating inconsistencies. The Ninth Circuit criticized the agent, but ultimately held that the agent's conduct was not reversible error, explaining:

> we can find no statutory basis for compelling the creation of Jencks Act material. The Jencks Act requires the prosecution to produce "written statements" of various types or their equivalent. The purpose of the Act was to make any existing prior statements made by a government witness equally available to the defense and the prosecution. Descriptions of interviews with witnesses that are not "substantially verbatim" are not discoverable under the Jencks Act. We cannot read into this requirement a further requirement that the government create such discoverable statements in the first instance. Nor can we find a constitutional basis for compelling the creation of such material under Brady.

Id., 625 F.2d at 859-60 (9th Cir. 1980) (citations omitted).

Even more on point is the case of United States v. Hoffman, 794 F.2d 1429 (9th Cir. 1986). In Hoffman, the defendant sought pre-trial discovery of his own statements made to third parties who were not law enforcement officers. The district court ordered the requested discovery, directing the Government to provide to the defendant his admissions to third parties, which could be "edited in such a manner so as not to reveal the identity of the non-government agent to whom the statement was allegedly made." Id. at 1430. The Ninth Circuit reversed the district court's order as an abuse of discretion. First, the Ninth Circuit concluded that the ordered discovery violated Fed. R. Crim. P. 16. See id. at 1432 ("the district court's order is beyond the ambit of the rule because it requires memorialization and disclosure of voluntary statements to government agents and, more particularly, statements made to persons not known to be government agents. The order is especially overbroad in light of defendant's contention that the people to whom he made the statements were in fact not government agents."). In addition, based on the Jencks Act and its prior decision in Bernard, the Ninth Circuit also held that "[t]he district court . . . may not order the government to memorialize and disclose statements made by

prospective witnesses." Id. at 1433.

Thus, neither Rule 16 nor the Jencks Act provides that the Government must memorialize witness statements and produce them as discovery. Indeed, the Ninth Circuit has interpreted Rule 16 and the Jencks Act to *preclude* a district court from compelling the Government to memorialize witness statements, even if the witness statements otherwise contain admissions of a defendant. Similarly, Brady and due process do not require memorialization and production of such material. See, e.g., United States v. Monroe, 943 F.2d 1007, 1011 n.2 (9th Cir. 1991) ("Brady does not require the government to create exculpatory evidence that does not exist."); United States v. Sukumolachan, 610, F.2d 685, 687 (9th Cir. 1980) ("Brady v. Maryland, 373 U.S. 83 (1963), does not require the government to create exculpatory evidence that does not exist."); cf. Jones, 612 F.2d at 455 ("When the defense seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standards control.").

### III. Conclusion

In sum, the Government was and is under no obligation whatsoever to summarize for the defense the testimony of any of its witnesses.[2] Given that the Government had no obligation to summarize the testimony of its witnesses, the defendants' claim that the summaries of Martinez's anticipated testimony that were provided to them were somehow "untimely" and therefore should have led to the exclusion of Martinez's testimony is utterly untenable. The defense simply makes up the law as it goes along in order to try to grasp at whatever tactical advantage it imagines it sees. While the defense is certainly free to try to waste everybody's time, the Court should not

//

---

[2] The Government voluntarily summarized the testimony of Jaime Martinez as a courtesy to the defense in an effort to expedite the progress of this trial. In response, however, the defendants sought to take advantage of the Government's good faith by voicing the utterly frivolous objections that are now the subject of this Memorandum. As the Government has noted before, its efforts to work with the defense to streamline this trial (e.g., by proposing stipulations of non-controversial facts) have been rebuffed. Accordingly, the Government will no longer even attempt to do so anymore.

indulge such behavior. The defendants' frivolous legal claims should be summarily rejected.

DATED: May 15, 2011

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
W.S. Wilson Leung
Wil Frentzen
Assistant United States Attorneys

Theryn G. Gibbons
Trial Attorney